NOT FOR PUBLICATION

FILED

SEP 02 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NDIDI NNAJI,<br><br>              Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>              Respondent. | No. 12-73962<br><br>Agency No. A098-260-957<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 25, 2015[**]

Before:     McKEOWN, CLIFTON, and HURWITZ, Circuit Judges.

The 90-day stay of proceedings in this case expired on June 15, 2015.  Thus, the respondent's motion to terminate the stay is denied as moot.

Ndidi Nnaji, a native and citizen of Nigeria, petitions for review of the Board of Immigration Appeals' ("BIA") November 3, 2012, order dismissing his

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

Nnaji previously appealed the BIA's January 24, 2011, order dismissing his appeal from the IJ's denial of his claims (No. 11-70554), and we remanded to the BIA pursuant to respondent's unopposed motion. Following remand, the BIA again dismissed Nnaji's appeal, and Nnaji appealed again (No. 12-73962).

In his opening brief, Nnaji challenges the BIA's time-bar analysis but does not raise any substantive challenge to the BIA's dispositive finding that he did not establish a nexus to a protected ground. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived). We reject Nnaji's contention that the BIA could not have an alternate basis for denying his asylum claim. *See Stoyanov v. INS*, 172 F.3d 731, 735-36 (9th Cir. 1999) (recognizing court may uphold BIA's alternative basis for decision). Thus, Nnaji's asylum and withholding of removal claims fail.

In addition, Nnaji has not raised any arguments regarding CAT relief. *See id.* Thus, we deny the petition with respect to his CAT claim as well.

12-73962

Finally, we deny Nnaji's renewed motion to consolidate this case with No. 11-70554, which was closed on June 18, 2012. We note that Nnaji incorrectly asserts that the parties fully briefed this case under No. 11-70554, as no answering brief was filed in that case. We also note that, in our December 23, 2013 order, we previously denied Nnaji's request to consider the opening brief filed in No. 11-70554 in connection with No. 12-73962. We further instructed him that No. 11-70554 remained closed, and informed him that he had to address all issues in the brief for this case.

**PETITION FOR REVIEW DENIED.**